IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS POWELL | § | PLAINTIFF |
| | § | |
| VERSUS | § | Civil Action No. 3:14CV840 WHB-JCG |
| | § | |
| CITY OF GULFPORT, ET AL. | § | DEFENDANTS |

## REPORT AND RECOMMENDATION

This matter comes before the Court, *sua sponte*, regarding Plaintiff Thomas Powell's failure to prosecute the above captioned cause. After review of the pleadings on file and the relevant legal authorities, the undersigned is of the opinion that the Complaint should be dismissed without prejudice for the reasons that follow.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed his Complaint on October 29, 2014. On February 24, 2015, Plaintiff filed a Motion for Extension of Time to Serve Process [4]. The Court granted Plaintiff's Motion[1] and imposed April 3, 2015, as the deadline for Plaintiff to serve Defendants. Three months later, on August 3, 2015, the Court issued an Order directing Plaintiff to Show Cause and/or to demonstrate why he had yet to effectuate service of process upon Defendants. The Show Cause Order further warned Plaintiff that "[i]f such good cause is not shown, or if no response is received

---

[1]Rule 4(m) provides in part that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period" FED. R. CIV. P. 4(m).

within such time, this case may be dismissed without prejudice without further notice to Plaintiff." Order [5]. The deadline for Plaintiff to comply with Court's Show Cause Order was August 13, 2015. To date, Plaintiff has not complied with the Court's directives.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).

In accordance with FED. R. CIV. P. 4 (m), Plaintiff had 120 days for service of the Complaint and any summons, or until February 26, 2015. As stated in the procedural history, Plaintiff moved for and was granted an extension of time, up and until April 3, 2015, to effectuate service of process upon the named Defendants. In that same Order Plaintiff was reminded that "it is his responsibility to prosecute this case." Text Only Order, entered March 4, 2015. Some four months later, after Plaintiff failed to timely serve the named Defendants, the Court issued the Show Cause Order. To date, Plaintiff has failed to comply with the Show Cause Order, or otherwise contact the Court with a reason for his non-compliance.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its

inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order."  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996), *citing McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link, supra*, 370 U.S. at 630.  A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court.  *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).

Plaintiff has had over nine months to serve Defendants, and his failure to serve Defendants, as required by Federal Rule of Civil Procedure 4(m), has unnecessarily delayed the resolution of this case.   Plaintiff has been duly warned that failure to comply with the Court's Orders could result in the dismissal of this action.  It is apparent from Plaintiff's inaction and his failure to communicate with the Court that he is no longer interested in pursuing this lawsuit.

## III.  RECOMMENDATION

For the reasons stated, the undersigned is of the opinion that the Plaintiff's Complaint [1] should be dismissed without prejudice for failure to comply with FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41.

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of August, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE